Johnson, J.
The material allegations in the petition as to negligence and wrongdoing by the defendant are put in issue by its answer, which contained the further defenses of contributory negligence and assumption of risk by the plaintiff. There were presented the questions whether the foreman of the defendant did, within the scope of his authority, order the plaintiff to ride on the train in question in the position and in the manner claimed by him, and whether the giving of such an order, under the circumstances, if given, amounted to a failure to exercise ordinary care for the plaintiff’s safety. Was the relationship between the parties such that the plaintiff was justified in obeying such an order of the foreman if given within the scope of his authority?
Testimony was introduced by each of the contestants concerning these questions. The court of appeals having reversed the judgment below for the *199 reason that the trial court should have directed a verdict in favor of the defendant at the close of all the evidence, this court in this proceeding in error must view the evidence in the light most favorable to the contentions of plaintiff. It is shown that the foreman ordered the plaintiff to go with him from the roundhouse to the depot to get some supplies, and that when they had gone some distance an engine and some cars were passing along the track toward the depot and the foreman ordered him to jump on the moving train and to take the position between the cars, which is described in the petition. This the plaintiff did after the foreman had first gotten on. After it had gone a short distance the train suddenly stopped, and as the cars came together plaintiff was injured.
It is conceded that the foreman had the authority to direct the plaintiff in and about his work and in the locality stated.
It was a part of the duty of the foreman to procure the supplies referred to, and it was the duty of the plaintiff to accompany him to the depot for that purpose when ordered by the foreman to do so. In order to facilitate this usual undertaking, the foreman had at other times mounted passing locomotives or cuts of cars and directed the employes who were engaged with him to accompany him in that way, which they did, among them the plaintiff. The plaintiff was about 22 years old and claims that he was without experience and was unaware of the dangers under the circumstances, and relied on the instruction and protection of the foreman to protect *200 and warn him, but that no instruction or warning was given.
It is insisted that it is shown by the evidence that the train upon which the plaintiff was injured was not the train of the defendant, but that of the Erie Railroad Company; that the plaintiff at the time of the injury was a trespasser upon the train and that this fact defeats his right to recover in this action.
The tracks of the New York Central run past the roundhouse down to the station, east of these tracks and parallel with them are the tracks of the Erie company, and on occasions when it was necessary for the foreman and the laborers to go from the roundhouse to the station, which was a considerable distance, they sometimes rode upon a New York Central engine, or cut of cars, and had on several occasions ridden on an Erie engine or cars, on the order of the foreman.
The foreman testified that in doing this it was not necessary for him to talk with any of his superiors before so doing, but that he would inform the engineer as to the point where he wished to get off. He stated that “it was up to him to use his judgment.”
It is shown by the record that the Pittsburgh & Lake Erie is part of the New York Central system and is under the same management. The plaintiff does not concede that it was an Erie train upon which he received his injuries and the testimony that it was is not clear. However, it is conceded that the plaintiff did not know that it was an Erie train upon which he was riding. Assuming that it was, a situation is presented in which the plaintiff, in obedience to instructions from his superior, who *201 was acting within "the scope of his authority, is instructed to do the thing that was done. The plaintiff under such circumstances has a right to assume that his employer’s foreman was proceeding in a usual and safe manner and that in order to expedite the defendant’s business he was doing a thing that was natural and proper and consistent with the nature of the business of the defendant. But it is insisted that when the plaintiff mounted the moving train, he was in the commission of an offense against the laws of the state, which directly - contributed to his accident, and that, therefore, he cannot predicate an action against his employer on the theory that he was ordered to do that act by a sur perior servant. The statute relied on is Section 12543, General Code, which reads as follows: “Whoever climbs, jumps, steps, stands upon, clings or attaches himself to a locomotive, engine or car upon the track of a railroad, unless in compliance with law or by permission under the lawful rules and regulations of the corporation managing such railroad, shall be fined not more than twenty-five dollars.”
It will be observed that this is not an unconditional prohibition against climbing upon the engine or car. On the other hand, it expressly recognizes that one might properly climb upon an engine or car “by permission under the lawful rules and regulations of the corporation managing such railroad.” Obviously it contemplated the very thing that the foreman and the plaintiff did on this occasion, if done by permission or under the rules and regulations of the company. If the plaintiff stepped upon *202 the train in obedience to the order of his superior, in the prosecution of defendant’s business, the defendant cannot now be heard to say that the train which the foreman instructed the plaintiff to climb upon was not its train, because manifestly the plaintiff had a right to presume that the conditions laid down in the statute had been fully complied with by the foreman and that in climbing on the train and ordering plaintiff to accompany him the foreman was acting “by permission under the lawful rules and regulations of the corporation managing such railroad.”
In Van Duzen Gas & Gasoline Engine Co. v. Schelies, 61 Ohio St., 298, it is said, at page 309: “The clear result of the best considered cases is, that where an order is given a servant by his superior to do something within his employment, apparently dangerous, and, in obeying, is injured from the culpable fault of the master, he may recover, unless obedience to the order involved such obvious danger, that no man of ordinary prudence would have obeyed it; and this is a question of fact for the jury to determine under proper instructions, and not of law for the court.” Many cases are cited by this court in support of that proposition.
In Greenleaf, Admr., v. Ill. Central Rd. Co., 29 Iowa, 14, at page 47, it is said: “Though decedent knew of the defective car, if he acted under instructions and directions of a superior, the action would by no means thereby be defeated. Under such circumstances, compelled as he necessarily would be to act with promptness and dispatch, it would be most unreasonable to demand of him the thought, *203 care and scrutiny which might be exacted where there is more time for observation and deliberation.”
But it is also urged that when the plaintiff jumped on the moving cars and took the position thereon which he describes in his petition and in his testimony, he assumed the risk and contributed to his injury. The questions whether the plaintiff was guilty of negligence under the circumstances, which contributed to his injury, and whether he went upon the car under such circumstances as amounted to an assumption of risk on his part, are questions of fact. As already indicated, much of the testimony offered by the parties was directed to this issue; that is, whether the foreman acting within the scope of his authority ordered the plaintiff to climb upon the cars and occupy the position thereon which he did occupy, whether under the circumstances shown such an order constituted a failure to exercise ordinary care for the plaintiff’s safety, and whether plaintiff himself was guilty of negligence in the respects stated. Counsel for the' defendant, in the performance of duty, might well argue that in view of all the circumstances shown by the evidence the inference could be properly drawn that the plaintiff was guilty of contributory negligence, which proximately contributed to his injury. But it is the function of the jury to draw this inference and to find this ultimate fact.
Section 9018, General Code, provides that in actions against a railroad company operating in this state all questions of negligence and contributory negligence shall be for the jury.
*204 In Northern Pac. Rd. Co. v. Egeland, 163 U. S., 93, the plaintiff was a common laborer in the employ of the company. When returning from his work on a train the conductor ordered him and others to jump off at a station, while the train was moving about four miles an hour. The platform was about a foot lower than the car step. His fellow laborers jumped and landed safely. He jumped and was seriously injured. Held, that the court below rightly left it to the jury to determine whether he was guilty of contributory negligence. In commenting on the circumstances of the case, Peckham, J., said, at page 98: “The plaintiff would naturally, therefore, be inclined to obey the orders of such superior, particularly if they were not of an obviously very dangerous character.”
As we said in Hickman v. Ohio State Life Ins. Co., 92 Ohio St., 87, at page 95: “In order that an issue should be required to be submitted to the jury it is not essential that there be such a conflict in the testimony of different witnesses as makes it necessary for the jury to determine disputes or questions of veracity. That is not the only province of the jury. They have another important function and duty. Where there is no dispute or conflict in the testimony of different witnesses, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact shown by such evidence, then it is the duty of the jury to determine such ultimate fact, even though the trial judge should himself be convinced as to what the conclusion should be. Of course, *205 when the ultimate fact is undisputed there is presented simply a question of law.”
In Cavey, Admx., v. Iliff et al., 84 Ohio St., 456, the circuit court reversed the judgment of the common pleas, on the ground that it erred in overruling the motion of the defendants at the conclusion of the evidence to arrest the case from the jury, and entered final judgment in the case. This court reversed the final judgment and remanded the case for a new trial, because as shown by its entry this court found from the record that the judgment of the circuit court was in effect an adjudication that the judgment of the court of common pleas was against the weight of the evidence. So in the case of Stugard, Admr., v. P., C., C. & St. L. Ry. Co., 92 Ohio St., 318, this court found that it was disclosed by the record that the judgment of the court of appeals was in effect a finding that the judgment of the superior court was against the weight of the evidence, and, therefore, the judgment of the court of appeals rendering final judgment was reversed. Its judgment reversing the judgment of the superior court was affirmed and the cause remanded for further proceedings.
In the petition in error filed in the court of appeals the name of the plaintiff in error is given as The Pittsburgh & Lake Erie Railroad Company. This misnomer seems to have been entirely unnoticed by both parties and the court of appeals. The cause now before us was actually considered and adjudged by the court of appeals without objection. Judgment was entered in the court of appeals under the proper name and style, and the petition in error in *206 this court was filed in the proper name and style by Vignola, the plaintiff in error. It is manifest that the defect in the misnomer has been cured by the action of the parties, and it is now too late to make the objection.
In this case the court of appeals included in its entry a finding that the trial court erred in overruling the motion of the defendant for a directed verdict at the conclusion of all the evidence, and entered final judgment. From a careful consideration of the whole record we are convinced that this entry of the court of appeals was in effect a finding that the judgment of the trial court was against the weight of the evidence, and, therefore, the judgment of the court of appeals rendering final judgment is reversed, its judgment reversing the judgment of the trial court is affirmed, and the cause is remanded to the court of common pleas for further proceedings according to law.

Judgment reversed.

Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.